[No. 10343. Department One. August 22, 1912.]

UNION ELEVATOR & WAREHOUSE COMPANY, *Respondent*, v. FARMERS' WAREHOUSE COMPANY, *Appellant.*[1]

WAREHOUSEMEN—DELIVERY—BREACH OF CONTRACT—LIABILITY. A warehouseman who loads out wheat, stored under the usual form of warehouse receipt, which was "wet, mouldy and in a growing condition," is liable in damages, where there was no acceptance at the warehouse and no evidence that it was damaged in transit.

APPEAL—REVIEW—EVIDENCE. The credibility of the evidence sustaining a judgment will not be considered on appeal.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered December 1, 1911, upon findings in favor of the plaintiff, in an action of tort, after a trial to the court. Affirmed.

[1]Reported in 125 Pac. 960.

*C. H. Spalding* and *J. M. Simpson*, for appellant.
*Lovell & Davis*, for respondent.

CHADWICK, J.—This action was brought by respondent to recover damages, alleged to have been suffered by reason of the fact that appellant loaded out wheat, stored under the usual form of warehouse receipt, that was "wet, mouldy and in a growing condition" when it reached the Tacoma terminal.

Many errors are assigned but, as we view the case, it being largely a question of fact, we shall not discuss them further than to say that we find evidence to sustain the judgment. However, inasmuch as appellant earnestly contends that the effect of the judgment is to make it and other warehousemen liable to meet the tests and exactions of terminal weights and grades, we shall extend this opinion to the extent of saying that we do not so interpret the findings of the lower court. The duty of a warehouseman to turn out wheat is performed when he delivers the specific article on the cars, or, if the receipt be in such form, wheat of like kind and quality. If it had been proven that there was an acceptance at the warehouse, or that the wheat was damaged in transit, appellant might have recovered; but there is ample testimony to sustain the court's findings that the wheat was damaged when loaded. This being so, appellant is liable for its breach of contract.

Counsel have invited us to pass upon the weight of the evidence, saying that the only evidence worthy of belief is with appellant. The judgment being sustained by the evidence, we shall not pass upon its credibility.

Judgment affirmed.

CROW, GOSE, PARKER, and MORRIS, JJ., concur.